IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4704 |
| | § | |
| COLONIAL SAVINGS, F.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

On May 14, 2012, Frank Butler took out a $417,000 mortgage from PrimeLending to purchase property in Sugar Land, Texas. (Docket Entry No. 1-B-1 at 6). Butler alleges that after Hurricane Harvey, Colonial Savings, F.A. told him that he did not have to make mortgage payments for three months, but then later held him in default for failing to pay. (*Id.* at 6–7). Colonial scheduled a foreclosure sale for December 3, 2019, and Butler sued in state court to prevent the sale and seek damages. (*Id.* at 7–8). Butler brought state-law claims for declaratory judgment, breach of contract, common-law fraud, promissory estoppel, breach of the duty of cooperation and good faith and fair dealing, negligent misrepresentation, violation of the Real Estate Settlement Procedures Act, violation of the Texas Debt Collection Act, and violation of the Texas Deceptive Trade Practices Act. (*Id.* at 8–19). The state court granted Butler's request for a temporary restraining order, staying foreclosure. (Docket Entry No. 1-B-2).

Colonial timely removed and moved to dismiss. (Docket Entry Nos. 1, 3). Colonial argues that Butler litigated the same claims in an earlier case, and lost. (Docket Entry No. 3 at 2). The court takes judicial notice of the filings in that case—*Butler v. Colonial Savings, F.A.*, No. 4:18-

cv-2491, 2019 WL 3842771 (S.D. Tex. Aug. 15, 2019) ("*Butler I*")—to determine whether preclusion applies to bar this action.

In *Butler I*, Butler sued Colonial for common-law fraud, breach of contract, violation of the Real Estate Settlement Procedures Act, and violation of the Texas Debt Collection Act. This earlier lawsuit was based on the same communications with Colonial that Butler had after Hurricane Harvey, and sought to delay Colonial's attempted foreclosure scheduled for July 3, 2018. The court in *Butler I* granted summary judgment to Colonial, finding no evidence of common-law fraud, breach of contract, violation of the Real Estate Settlement Procedures Act, or violation of the Texas Debt Collection Act. *Id.* at *3–4. Butler appealed, and the Fifth Circuit dismissed the appeal for want of prosecution. *See Butler I*, *appeal docketed*, No. 19-20630 (5th Cir. Sept. 9, 2019).

Butler argues that the earlier lawsuit does not bar this case because his current petition alleges violations by Colonial that occurred after *Butler I* was decided. (Docket Entry No. 8 at 2). Butler specifies his claims as related to "the harm caused by [Colonial's] conduct in initiating the December 2019 foreclosure sale – specifically Colonial's failure to provide adequate notice and opportunity to cure prior to the sale." (*Id.*).

To the extent that Butler alleges claims that arose before August 15, 2019, these claims are precluded. "Claim preclusion 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *In re Provider Meds, L.L.C.*, 907 F.3d 845, 852 (5th Cir. 2018) (quoting *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010)). A subsequent suit is barred if: "(1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases." *Retractable Techs., Inc. v. Becton*

*Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016). This rule "prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). The four elements are met here.

To the extent that Butler alleges claims that occurred after August 15, 2019, they are not barred by *Butler I*. "[R]es judicata does not 'bar a suit based on acts of the defendant that have occurred subsequent to the final judgment asserted as a bar.'" *Anderson v. Hous. Cmty. Coll. Sys.*, 90 F.Supp.3d 667, 671-72 (S.D. Tex. 2015) (quoting *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981)). If an act occurred "either after the plaintiffs had filed their prior lawsuit or after the district court had entered judgment in the prior lawsuit," claims based on that act are not barred. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004); *see also Suter v. Univ. of Tex. at San Antonio*, SA-12-CV-969-OLG, 2013 WL 6919760, at *3 (W.D. Tex. Dec. 20, 2013) ("To the extent Plaintiff alleges that her current pay discrimination is based on actions that occurred after she filed [her first case] on July 16, 2010, those claims are not barred by res judicata as she could not have asserted them in [her first case.]").

Colonial responds that Butler's more recent claims still fail as a matter of law. (Docket Entry No. 11). Butler alleges that he was entitled to new notice and opportunity to cure before the December 2019 attempted foreclosure,[1] but he does not cite any case law in support. Colonial argues that it had no duty to provide Butler a new notice of default and of its intent to accelerate because it did not abandon its prior acceleration of the debt, and Texas law does not require a new notice of default in these circumstances. (*Id.*); s*ee Herrera v. Emmis Mortg.*, No. 04-95-00006-CV, 1995 WL 654561, at *4 (Tex. App.—San Antonio 1995, writ denied 1996) ("[A]bsent evidence that the Note was reinstated, appellee was not required to re-accelerate by serving new

---

[1] The court in *Butler I* held that Butler received adequate notice and an opportunity to cure in 2018. *Butler I*, 2019 WL 3842771, at * 3.

notices, demands, and accelerations."); *see also Wilmington Trust, N.A., v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018) (making an *Erie* guess that Texas law requires a new round of notice to the borrower when a lender reaccelerates after a rescission or abandonment of an earlier acceleration). Texas law supports Colonial's argument.

Colonial also argues that Butler's claim that he did not receive notice of sale is moot because no sale has occurred and Butler still possesses the property. The court agrees. *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *3 (N.D. Tex. June 18, 2019) ("With respect to whether Wells Fargo provided a notice of sale that conformed with the requirements of § 51.002(b), this issue is moot, as Arias maintains possession of the Property, and the record does not show that Wells Fargo has taken further steps to foreclose the Property."); *McCullough v. Wells Fargo Bank, N.A.*, No. SA-18-CV-01066-FB, 2019 WL 612995, at *5 (W.D. Tex. Jan. 15, 2019), *report and recommendation adopted*, No. CV SA-18-CA-1066-FB, 2019 WL 609766 (W.D. Tex. Feb. 6, 2019) ("Where, as here, a TRO is issued to prevent the defendant from conducting a foreclosure sale, the plaintiff fails to allege a Section 51.002 claim upon which relief can be granted 'unless a subsequent foreclosure sale occurs.'"); *Buckner v. Citimortgage, Inc.*, No. CV G-15-039, 2015 WL 8211844, at *1 (S.D. Tex. Dec. 8, 2015) (breach of contract claim for failing to provide notice of foreclosure sale becomes moot when there is no sale).

Butler's claims are either precluded or moot. Colonial's motion to dismiss, (Docket Entry No. 3), is granted, without prejudice and with leave to amend. Butler must amend, consistent with Rule 11, no later than **February 11, 2020.**

SIGNED on January 21, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

4